IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| K.V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:21-cv-00013-MSH <br> Social Security Appeal |

## ORDER

The Commissioner of Social Security, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for supplemental security income finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted. Both parties filed their written consent for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 1382c(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 416.101 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id*. § 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id*. § 416.920(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id*. § 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the Regulations (the "Listing").  *Id*. § 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id*. § 416.920(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. § 416.920(a)(4)(v).  In

3

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id*. § 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on July 17, 2018, alleging she became disabled to work on July 9, 2018. Tr. 20. Her claim was denied initially on January 24, 2019, and upon reconsideration on April 4, 2019. *Id*. She timely requested an evidentiary hearing before an ALJ on April 18, 2019, and the hearing was conducted on April 8, 2020. *Id*. Plaintiff appeared at the hearing with counsel and testified, as did an impartial vocational expert ("VE"). *Id*. On June 5, 2020, the ALJ issued an unfavorable decision denying Plaintiff's claim. Tr. 17-39. She next sought review by the Appeals Council but was denied on February 24, 2011. Tr. 6-11. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her claim for benefits. Her case is ripe for review. 42 U.S.C. § 1383(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she applied for social security income, Plaintiff was fifty-five years old. Tr. 200. She has a high school education and past relevant work as a typist. Finding 4, Tr. 29; Finding 5, Tr. 32. In conducting the five-step sequential analysis of her claim, the ALJ found, at step two, that Plaintiff has severe impairments of lumbar spondylosis, lumbar

radiculopathy, and obesity. Finding 2, Tr. 22-28. He also found her to have medically determinable impairments of depression and anxiety, although equivocally, "assuming" their presence despite describing the medical evidence in support as "scant" and characterizing them as "(arguably)" present. Finding 2, Tr. 27-28. While two physicians treated and diagnosed Plaintiff's fibromyalgia, the ALJ found it was not a medically determinable impairment under SSR 12-2p. Finding 2, Tr. 26-27. At step three, the ALJ determined that Plaintiff's impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 28. Between steps three and four, the ALJ assessed Plaintiff to have the RFC to perform light work with exertional, postural, and environmental restrictions. Finding 4, Tr. 28. No non-exertional limitations were included to account for Plaintiff's anxiety or depression. At step four, the ALJ decided that Plaintiff can return to past relevant work as a typist and found her to be not disabled. Findings 5, 6, Tr. 32.

## DISCUSSION

Plaintiff's primary argument centers on the ALJ's consideration of her physicians' diagnoses of fibromyalgia. Pl.'s Br. 6-9. She asserts the ALJ failed to properly evaluate the diagnosis or explain his reasoning in finding that the medical evidence does not support Plaintiff's fibromyalgia as a medically determinable impairment. *Id*. at 6. The Court agrees the ALJ erred in his assessment of Plaintiff's fibromyalgia.

Fibromyalgia evaluation is governed by Social Security Ruling 12-2p. This ruling requires a claimant meet three prerequisites before fibromyalgia can be treated by an

adjudicator as an impairment. First, a physician must diagnose fibromyalgia. This prerequisite is clearly met in Plaintiff's case as both rheumatologists who examined her returned that diagnosis. Second, the physician must provide evidence described in either the 1990 American College of Rheumatology criteria or the college's 2010 Preliminary Diagnostic Criteria. Third, the diagnosis is "not inconsistent with the other evidence in the case record." SSR 12-2p. Neither the ALJ nor the Commissioner in his brief contends that the third requirement is an issue. Therefore, the Court's analysis centers on the second requirement.

A diagnosis of fibromyalgia must be supported by three specific clinical determinations according to the American College of Rheumatology. First, there must be a history of widespread pain in all quadrants of the body and axial pain which have persisted for more than three months. Second, there must be at least eleven positive tender points on physical examination. Third, evidence of other disorders that could cause the symptoms must be excluded. Plaintiff meets the first requirement according to both rheumatologists who treated her, Drs. Nicholas Tikliakos and Alexandra Tikliakos. Tr. 822-23, 845-49. They opine four months duration and describe pain in Plaintiff's "elbows, knees, feet, back, muscles especially the thighs." Tr. 845. Dr. Alexandra Tikliakos provided specific exertional limitations caused by Plaintiff's fibromyalgia and found Plaintiff's allegations of pain to be consistent with clinical findings. Tr. 846-849. At no time did either Dr. Alexandra Tikliakos or Dr. Nicholas Tikliakos indicate that the fibromyalgia diagnosis each gave was in any way inconsistent with clinical findings or its symptomology accounted for by other disorders, thus meeting the third requirement.

Whether the second requirement is met, however, is unclear as neither doctor numbered the positive points they found when describing pain in at least six portions of Plaintiff's body.  Social Security Ruling 12-2p speaks to this by expressly providing that when the evidence is insufficient to support the finding, usual policies must be followed including recontacting the physicians or ordering a consultative examination.  SSR 12-2p, 2012 WL 3104869, at *4 (July 25, 2012).  Neither of these prescribed steps was undertaken and the ALJ erred in failing to do so.  Therefore, Plaintiff's case is remanded to the Commissioner for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is reversed and remanded for further proceedings consistent with this opinion.

SO ORDERED, this 6th day of June, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE